UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-CR-20775-SEITZ

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

v.

**JAMIE TAYLOR,**
    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

On or about July 5, 2017, court-appointed defense counsel Thomas Risavy ("Counsel") submitted a voucher application numbered 113C.0431926 with appended time sheets requesting $14,977.50 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Per the request of the undersigned, Counsel also supplied a letter in support of his voucher (the "July 28, 2017 letter") to the Court wherein he provided additional detail of the work he spent on this matter and the reasons therefor. In the July 28, 2017 letter, Counsel explains that "due to the nature and circumstances of the case and issues involving the advisory sentencing guidelines, this case, while not initially complex or extended, became so during the course of my representation of Mr. Taylor." (Letter at 1). Counsel continued, "[a]s a result of issues that came up, the case required the expenditure of more time, skill, and effort than would normally be required in an average case." (Letter at 1).

On September 30, 2016, Defendant was charged by Criminal Complaint [DE # 1] with possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) & 860(a). That same day, Defendant was appointed counsel from the Office of the

Federal Public Defender to represent him. On October 3, 2016, the Office of the Federal Public Defender sought to withdraw from representation of Defendant due to a conflict. The Court granted the motion to withdraw on October 4, 2016 and appointed Counsel as CJA counsel to represent Defendant in this matter.

On October 13, 2016, Defendant was indicted on two counts of possession with intent to distribute a controlled substance within 1,000 feet of a housing facility owned by a public housing authority in violation of 21 U.S.C. § 860(a). Thereafter, on October 24, 2017, the grand jury returned a Superseding Indictment [DE # 47] against Defendant. The Superseding Indictment contained three counts: conspiracy to possess with intent to distribute a controlled substance within 1,000 feet of a housing facility owned by a public housing authority in violation of 21 U.S.C. §§ 846 & 860(a) and two counts of possession with intent to distribute a controlled substance within 1,000 feet of a housing facility owned by a public housing authority in violation of 21 U.S.C. § 860(a).

Defendant proceeded to trial on March 20, 2017. The trial spanned four days [See DE # 80, 81, 82 & 92]. The jury returned a guilty verdict against Defendant on March 23, 2017. Following Defendant's conviction, the government filed a motion seeking an upward variance. [See DE # 103 & 104]. Defendant was sentenced on June 7, 2017. Defendant was sentenced to 66 months in prison with 6 years of supervised release. [See DE # 106].

In the instant voucher, Counsel seeks compensation for the period of representation from October 4, 2016 through June 13, 2017, 2016. Counsel seeks compensation for a period of 8 months. Counsel seeks $14,977.50 in his application, an amount which exceeds the $10,000.00 maximum allowed for trial representation in non-capital felony cases under

the CJA. As a result, United States District Judge Patricia A. Seitz entered an Order of Reference **[DE # 108]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a); *see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administering the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in the application of the provisions of the CJA. *See In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." *See* Section §630.20 of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). Before the recommended fee amount may exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3); *see also* Section § 230.23.40(b) of the Guidelines. Second, the district court must conclude that the amount is

-3-

necessary to provide Counsel with fair compensation. See Section § 230.2310(c)(3) of the Guidelines.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. See Section §230.23.40(b) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. Id.

Here, the applicable CJA maximum allowed compensation amount for non-capital trial proceedings in this case is $10,300.00.[1] Counsel's fee request exceeds this maximum allowed compensation amount. Consequently, before the Court can recommend the approval of the fee voucher request in the amount requested by Counsel, the Court must conclude that this case involve "extended" or "complex" representation, and that the amount requested is necessary to provide Counsel with fair compensation.

Counsel asks the Court to find that his representation in this case was complex. In the July 28, 2017 letter in support of his voucher, Counsel explained that Defendant was one of several men arrested in a significant investigation known as "Operation Swamp City." (July 28, 2017 letter at 1). The operation involved purchases of drugs by undercover officers who "would buy drugs but not arrest the sellers at the time. The arrests were made weeks or even months later." (July 28, 2017 letter at 1). Defendant was arrested in September 2016 for sales that took place in July and August 2016. (July 28, 2017 letter at 2).

---

[1] The case compensation maximum increased to $10,300.00 for cases where services were provided on or after May 5, 2017.

Defendant maintained that police arrested the wrong man, thus Counsel had to investigate and prepare an alibi defense. (July 28, 2017 letter at 2). During Counsel's investigation, he discovered that some of the law enforcement reports were redacted. (July 28, 2017 letter at 2). This led Counsel to conduct a wider investigation of whether Defendant was targeted for arrest by law enforcement. (July 28, 2017 letter at 2). Counsel uncovered an evidentiary issue regarding the August 2016 sale and was required to research and pursue that issue as a potentially exonerating issue at trial. (July 28, 2017 letter at 2).

Based upon the undersigned's review of the docket, the Motion and the voucher submitted by Counsel, the undersigned concludes that counsel's representation of Defendant was indeed complex and there is a sufficient basis upon which to justify recommending that Counsel should be compensated in excess of the statutory maximum allowed under the CJA.

## DISCUSSION

### Counsel's Representation in This Case Was Complex

Counsel's representation of Defendant in this case was complex. Counsel was originally appointed to represent Defendant on October 4, 2016. Counsel's representation of Defendant spanned 8 months.

This case involved complex issues of identification (as Defendant was not arrested at the time of the criminal acts) and thorough investigation by Counsel. The case "presented a unique scenario" regarding whether Defendant was targeted by law enforcement for prosecution. (July 28, 2017 letter at 2). After Counsel's thorough research and pre-trial investigation, Counsel represented Defendant during four days of trial.

Counsel's representation of Defendant in this case was complex because the legal and factual issues in the case were unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. It is clear to the undersigned that this case was complex because of the amount of discovery, the time required in its examination, the time spent by Counsel in trial preparation and consultations with the defendant as well as the other defense lawyers for defendants also involved in the "Operation Swamp City" prosecutions. As a result, the representation of Defendant in this case is properly considered complex. The undersigned must now review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of the $10,000.00 statutory maximum.

### *Voucher Amount - The CJA Administrator's Review*[2]

#### **In-Court Hours**

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to the Court's review. Counsel requested compensation for 34.9 in-court hours totaling $4,505.10. The CJA administrator made no changes to this requested amount.

#### **Out-of-Court Hours**

In the voucher, Counsel sought compensation for 81.0 out-of-court hours for a total of $10,472.40. Counsel sought compensation for 13.2 hours for "Interviews and conferences" and 13.3 hours for "Obtaining and reviewing records." Counsel also sought 8.0 hours for "Legal research and brief writing" and 22.1 hours for "Investigative and Other

---

[2] The undersigned defers to the CJA Administrator to verify all in-court hours and expense allowances.

-6-

Work." Counsel sought 24.4 hours for "Travel Time." The CJA administrator reviewed the 81.0 out-of-court hours sought by Counsel but made no changes.

### *Voucher Amount - The Undersigned's Review*

### In-Court Hours

Counsel requested compensation for 34.9 in-court hours totaling $4,505.10. The CJA administrator made no changes to this requested amount. I approve the amount of $4,505.10 as reasonable.

### Out-of-Court Hours

Counsel sought compensation for 81.0 out-of-court hours in this matter totaling $10,472.10. A review of the voucher reflects that Counsel included some entries that are not appropriately compensable under the CJA. Clerical tasks are also not compensable under the Guidelines. The Guidelines make clear that "[e]xcept in extraordinary circumstances, whether work is performed by counsel or other personnel, the following expenses associated with CJA representation are not reimbursable: personnel; rent; telephone service; and secretarial." Section §230.66.10(b) of the Guidelines. The Supplemental Instructions provided by the Court reinforces the Guidelines: "[c]lerical work (copying, faxing, mailing, etc.) associated with CJA representation, whether work is performed by counsel or other personnel, is not reimbursable."

Counsel included a few entries that should be reduced because they include time spent by Counsel performing non-compensable clerical tasks:

| | | |
|---|---|---|
| 11/17/16 | Prep/file motion for continuance | 0.4 hours [reduced to 0.2 hours] |
| 12/5/16 | Prep/file motion for continuance and application for issuance of trial subpoenas | 0.6 hours [reduced to 0.2 hours] |

-7-

| 2/28/17 | Deliver trial subpoenas to US Marshal for service | 0.30 hours [eliminated] |

Because these tasks involve clerical duties (and not attorney services), these entries should be reduced as indicated above. The total deductions amount to a deduction of 0.9 hours or $116.10.

The undersigned finds, however, that the remaining out-of-court hours listed in the voucher application are appropriate. Factoring in my deductions (totaling $116.10), the undersigned recommends that Counsel should be paid $10,356.30 for his out-of-court hours.

## CONCLUSION

In making this recommendation, the undersigned draws upon his experience of having been in private practice for 37 years - a large portion of that time spent practicing criminal law - from which the undersigned has acquired expertise in calculating reasonable and necessary time expenditures.

Counsel should be commended for his professionalism and willingness to take this appointment. Notwithstanding this appreciation, some of the time incurred by Counsel is non-reimbursable under the rules established in the Guidelines and in the Supplemental Instructions which preclude the undersigned from awarding Counsel full compensation for all time incurred in this matter.

As the representation provided by Counsel to Defendant in this case was complex, the undersigned recommends that Counsel be reimbursed for an amount in excess of the statutory maximum of $10,300.00 in this case. Based upon the Court's review of the voucher, time sheets, Motion, docket and filings in this case, it is hereby RECOMMENDED

that: Counsel be paid $14,861.40 as fair and final compensation for his work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Patricia A. Seitz, United States District Judge.

Signed this 14th day of August, 2017.

BARRY L. GARBER
SR. UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
    Thomas Risavy, Esq.
    CJA administrator